UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE EDWARD JOHNSON, | No. 2:20-cv-01830 KJM DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HUNTER ANGLEA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion to dismiss. (ECF No. 14.) For the reasons set forth below, the court will recommend that this action be dismissed without prejudice.

**BACKGROUND**

Following a jury trial in the Sacramento County Superior Court, the jury found petitioner guilty of one count of corporal injury on a cohabitant and two counts of felony child endangerment. (LD 1.[1]) On July 28, 2017, the court sentenced petitioner to a determinate sentence of twenty-five years and eight months. (LD 1.) This sentence included a five-year great bodily injury enhancement, a five-year prior serious felony enhancement, and a one-year prior

---

[1] Respondent lodged state court records with the motion to dismiss. (See ECF No. 15.) Each document is referenced herein by its Lodged Document ("LD") number.

1

1  prison term enhancement. (LD 1.) Petitioner appealed (LD 3) and, on February 26, 2019, the

2  California Court of Appeals, Third Appellate District affirmed the petitioner's conviction (LD 2).

3  However, the appellate court remanded the case to the superior court to determine whether to

4  strike the five-year prior serious felony enhancement pursuant to a new law, Senate Bill 1393.[2]

5  (LD 2.) Petitioner sought review in the California Supreme Court, but the court denied review on

6  June 12, 2019. (LD 4.)

7      In October 2019, the Sacramento County Superior Court ruled it would not strike

8  petitioner's enhancement under Senate Bill 1393. (LD 5.) Petitioner filed a notice of appeal on

9  October 16, 2019. (LD 5.)

10      Petitioner filed a petition for writ of habeas corpus with the Sacramento County Superior

11  Court on July 31, 2019. (LD 6.) The superior court denied the petition on October 16, 2019.

12  (LD 7.) Petitioner then filed a habeas petition with the California Court of Appeals, Third

13  Appellate District. (LD 8.) The appellate court denied the petition on February 13, 2020. (LD

14  9.) Petitioner subsequently filed a habeas petition with the California Supreme Court. (LD 10.)

15  The California Supreme Court denied the petition on July 8, 2020. (LD 11.)

16      On September 10, 2020, petitioner filed a petition for a writ of habeas corpus with this

17  court. (ECF No. 1.) On October 28, 2020, the California appellate court ruled on the pending

18  appeal and struck the one-year prior prison term enhancement. (LD 5.) The appellate court

19  remanded petitioner to the superior court for resentencing. (LD 5.) On November 20, 2020,

20  respondent filed the motion to dismiss currently before the court. (ECF No. 14.) On December

21  18, 2020, Sacramento County Superior Court resentenced petitioner. (ECF No. 17-1 at 2.)

22  Petitioner filed an opposition to the motion to dismiss on December 23, 2020 (ECF No. 16) and

23  respondent filed a reply on January 6, 2021 (ECF No. 17).

24  ////

25

26  [2] "On September 30, 2018, the Governor signed S.B. 1393 which, effective January 1, 2019, amends [Cal. Penal Code] sections 667(a) and 1385(b) to allow a court to exercise its discretion

27  to strike or dismiss a prior serious felony conviction for sentencing purposes." O'Neil v. Burton 2019 WL 6915690 (E.D. Cal 2019) (citing People v. Garcia, 28 Cal. App. 5th 961, 971 (2018),

28  review denied (Jan. 16, 2019)) (citations omitted).

# MOTION TO DISMISS

## I. Respondent's Motion and Reply

Respondent argues that the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971), requires the court to abstain from interfering in pending state criminal proceedings. (ECF No. 14 at 4.) Respondent states that at the time of filing the motion to dismiss, petitioner was awaiting resentencing. (Id.) Respondent argues that the pending resentencing, and any subsequent claims which might arise, must first be adjudicated before a habeas petition can be filed with this court. (Id.)

In respondent's reply, respondent does admit that the superior court resentenced petitioner after the respondent filed the motion to dismiss. (ECF No. 17 at 2.) However, respondent argues petitioner's state proceedings are still not yet final. (Id.)

## II. Petitioner's Opposition

Petitioner argues that the motion to dismiss should be denied as, even if the superior court struck the one-year enhancement at resentencing, a large portion of his sentence would remain. (ECF No. 18 at 1.) Petitioner states that his habeas petition challenges his conviction on claims of ineffective assistance of counsel, prosecutorial misconduct, speedy trial violations, and other violations of the Sixth Amendment. (Id.) Petitioner also states that the remaining state proceedings relate only to a prison prior enhancement. (Id.) As such, petitioner appears to argue that his habeas petition should not be dismissed as the claims it asserts differ significantly from the grounds of the pending state court proceedings. (Id.)

Petitioner also argues that the court should deny the motion to dismiss because his prior habeas petitions were not dismissed by any state court. (Id.) Petitioner also indicates concern that he would be barred from filing a habeas petition in federal court if he did not file within one year of the denial of his last state court habeas petition. (Id.)

## III. Legal Standards for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…." Rule 4, Rules Governing Section 2254 Cases; see also

White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

**IV.     Younger Abstention**

Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986).

A petitioner must await the outcome of the state appellate proceeding "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This is because "the pending appeal may result in reversal of the petitioner's conviction on some other ground," thus "mooting the federal question." Id. "When a case falls within the proscription of Younger, a district court

4

must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986) (citing Juidice v. Vail, 430 U.S. 327, 337 (1977)). In addition, there is no discretion to grant injunctive relief if the case is within the Younger category of cases. Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n.22 (1976)). If state appellate remedies have not been exhausted, state proceedings are still ongoing. Huffman v. Pursue Ltd., 420 U.S. 592, 608-09 (1975) ("…we believe that a necessary concomitant of Younger is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court.").

The Younger doctrine stems from the longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43. Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. Id. at 46, 53-54 (holding that the cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994). Additionally, irreparable harm alone is insufficient to warrant federal intervention unless the irreparable harm is both great and immediate. Pulliam v. Allen, 466 U.S. 522, 538 n.17 (1984) ("When the question is whether a federal court should enjoin a pending state-court proceeding, even irreparable injury is insufficient unless it is both great and immediate.") (quotations and citations omitted).

**V.     Analysis**

**A. State Proceedings Pending**

The first prong of Younger is whether state court proceedings are pending. The pendency of the state proceedings is determined at the time the federal petition is filed. Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 360-61 (9th Cir. 1993) overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir. 2001); Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988). State proceedings are ongoing if appellate remedies have not been exhausted. Huffman v. Pursue Ltd., 420 U.S. 592, 608-09 (1975).

Here, the record indicates that, at the time of this petition's filing, petitioner was still awaiting resentencing in state court. While petitioner's federal habeas petition was pending, the

California appellate court ruled, striking the one-year enhancement. The appellate court then remanded petitioner for resentencing. Sacramento County Superior Court completed petitioner's resentencing while the respondent's motion to dismiss was pending. All of these state level proceedings were pending and/or occurred after petitioner filed the present habeas petition.

This court's jurisdiction to review the merits of a habeas petition commences, in pertinent part, on "the date on which the judgment became final by the conclusion of direct review[.]" 28 U.S.C. § 2244(d)(1)(A). "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (per curium) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)).

Petitioner was, at the time of filing, awaiting the California appellate court's ruling on his enhancements. Whether state proceedings are pending is determined at the time of filing. This means that, for the purposes of applying Younger, the state court proceedings are still pending. The fact that petitioner was awaiting a ruling which could alter his sentencing means the judgement in his case was not final and there remained pending proceedings. Thus, petitioner filed his petition prematurely.

### B. Proceedings Involve Important State Interest

The second prong of Younger requires the court to consider whether the pending state proceedings involve an important state interest. Criminal proceedings, by their very nature, involve important state interests. See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curium)) (Stating that the state has an important interest in passing upon and correcting violations of a defendant's rights.).

Here, the proceedings involve resentencing in a criminal case. Thus, they necessarily involve an important state interest.

### C. Adequate Opportunity to Raise Constitutional Issues in State Proceedings

Finally, the court must consider whether the state proceedings provide an adequate opportunity for the petitioner to raise constitutional issues. In considering this factor, the Supreme Court has noted that "where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the Constitutional claims.'" Middlesex County

Ethics Commission, 457 U.S. at 432 (quoting Moore v. Simms, 442 U.S. 415, 426 (1979)). A federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987).

As established above, a vital state interest is present in this case as the state proceedings are criminal in nature. There is no unambiguous authority suggesting state procedures will not afford an adequate opportunity for consideration of constitutional claims. Thus, this court must abstain until state proceedings are finalized.

In his opposition, petitioner does point out that the state proceedings do not involve the claims alleged in his habeas petition. Though this may be true, Younger abstention is still required. All state appellate courts must finalize their proceedings before petitioner brings this habeas petition. This is so even if the issues challenged by the petition have been finally settled in the state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). As such, it does not matter if the pending state proceedings do not involve any of the same claims. Younger still requires that this court abstain from hearing those claims.

### D. Exceptions to Younger Abstention

Petitioner has neither argued nor shown that an exception to the Younger abstention applies. There is no suggestion of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his resentencing and/or appeals. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Younger, 401 U.S. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). Thus, this case does not appear to involve irreparable injury or any exception to Younger.

### E. Necessity of Abstention under Younger

Given the foregoing analysis, this court must not proceed on the petitioner's habeas petition. At the time of filing, there were still pending state proceedings involving an important state interest. This court assumes that the state court proceedings will afford adequate

7

opportunity for constitutional claims to be heard as there is no unambiguous state law to the contrary. Additionally, there are no exceptions to Younger applicable to this case.

Accordingly, the undersigned concludes that the Younger doctrine requires dismissal of this action without prejudice. See Beltran, 871 F.2d at 782 ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action." (Emphasis in original; citations omitted.)).

If the petitioner believes that state proceedings have since completed, petitioner may refile his petition for writ of habeas corpus with the court. That the court must abstain under Younger does not mean the court will be unable to hear petitioner's habeas petition in the future. There does exist a one-year state of limitations under 28 U.S.C. § 2244(d). However, this limitation would not apply when this petition was filed as there must be a final judgement in state court. 28 U.S.C. § 2244(d)(1)(A). Thus, after a judgement in petitioner's case become final, he would still have one year to file a habeas petition in federal court.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 14) be granted and the petition be dismissed without prejudice.

These findings and recommendations will be submitted to the Untied States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 30 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the

////

////

judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  January 27, 2021

/s/ Deborah Barnes<br>
DEBORAH BARNES<br>
UNITED STATES MAGISTRATE JUDGE

DLB:14
DLB:1/Orders/Prisoner/Habeas.john1830.mtd_fr