UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE EDWARD JOHNSON, | No. 2:20-cv-01830 KJM DB P |
| Petitioner, | |
| v. | ORDER |
| HUNGER ANGLEA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 18, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within thirty days. Thirty days have passed and neither party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court

/////

1

. . . ."). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

While petitioner has filed an amended petition (ECF No. 19), the findings and recommendations from January 18, 2021 (ECF No. 18) recommend that this action be dismissed based on the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, the pendency of the state appeal is determined at the time of filing. *Mission Oaks Mobile Home Park v. City of Hollister*, 989 F.2d 359, 360-61 (9th Cir. 1993), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001). Though petitioner's state-level appeals may by now be completed, "when a case falls within the proscription of *Younger*, a district court must dismiss the federal action." *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1356 (9th Cir. 1986) (citing *Juidice v. Vail*, 430 U.S. 327, 337 (1977)). If petitioner's state judicial proceedings are no longer pending, petitioner may be able to re-file his petition if he does so within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 18, 2021 (ECF No. 18) are adopted;

2. Respondent's motion to dismiss (ECF No. 14) is granted; and

3. The petition filed on September 10, 2020 (ECF No. 1) is dismissed without prejudice.

DATED: July 7, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE